William Bart LLOYD, Plaintiff,
Appellant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Defendant,
Appellee.

No. 93–1445.

United States Court of Appeals,
First Circuit.

Submitted Feb. 8, 1994.

Decided Feb. 8, 1994.

William Bart Lloyd on brief pro se.

Ann S. Duross, Asst. Gen. Counsel, Richard J. Osterman, Jr., Sr. Counsel, and Daniel H. Kurtenbach, Counsel, Washington, DC, on brief for appellee.

Before BREYER, Chief Judge, SELYA and BOUDIN, Circuit Judges.

SELYA, Circuit Judge.

William Bart Lloyd appeals from an order of the United States District Court for the District of Rhode Island dismissing his suit against the Federal Deposit Insurance Corporation (FDIC), as receiver for the failed Capitol Bank and Trust Company, of Boston, Massachusetts (the Bank), for want of jurisdiction, 812 F.Supp. 293 (1993).

### Background

In November 1990, appellant purchased an apartment building in Providence, Rhode Island from the Bank. Under the sales agreement, the Bank undertook to provide financing for both the acquisition and the renovation of the complex. At the closing, appellant signed a promissory note, secured by a mortgage on the property. In December 1990, the Bank failed. The FDIC was appointed receiver. In June 1991, the FDIC, as receiver, disaffirmed the original agreement to finance renovations.

In due course, appellant filed a proof of claim with the FDIC. The proof was not acted upon within the required 180–day period, see 12 U.S.C. § 1821(d)(5)(A)(i). Nevertheless, the FDIC notified appellant on March 4, 1992, that it intended to foreclose. On March 17, appellant responded by filing this action in a Rhode Island state court. He sought to enjoin the FDIC from proceeding with the foreclosure, and, moreover, to reform or cancel the sales agreement, note, and mortgage (based on an asserted mutual mistake).

On March 30, 1992, the FDIC removed the case to the United States District Court for the District of Columbia. See 12 U.S.C. § 1819(b)(2)(B) (giving FDIC authority to remove action "to the appropriate United States district court") & 12 U.S.C. § 1821(d)(6)(A) (giving "district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia" jurisdiction over any claim disallowed by the FDIC). On April 2, the FDIC moved to transfer the case to the United States District Court for the District of Rhode Island "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The district court transferred the case on April 23, 1992. Appellant's administrative claim was finally denied on June 9, 1992.

Once the case had returned north, the FDIC moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. At the same time, the FDIC also argued that appellant's claim for injunctive relief was barred by 12 U.S.C. § 1821(j).[1] The district court dismissed the case for want of jurisdiction. This appeal followed.[2]

### Discussion

A "district court lacks jurisdiction to enjoin the FDIC when the FDIC is acting pursuant to its statutory powers as receiver." Telematics Int'l, Inc. v. NEMLC Leasing Corp., 967 F.2d 703, 707 (1st Cir.1992); see also 12 U.S.C. § 1821(j). The FDIC has the power as receiver to foreclose on the property of a debtor. See 12 U.S.C. § 1821(d)(2)(B)(ii) (giving FDIC power to "collect all obligations and money due the [failed] institution"). Thus, the district court was without jurisdiction to grant the injunctive relief appellant seeks. See 281–300 Joint Venture v. Onion, 938 F.2d 35, 39 (5th Cir.1991) (injunction against receiver's foreclosure of appellants' property barred by

---

1. Subsection 1821(j) provides, in part:

   Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, *to restrain or affect the exercise of powers or functions* of the Corporation *as a conservator or a receiver.*

   12 U.S.C. § 1821(j) (emphasis supplied). According to the FDIC, none of the statutory exceptions authorize injunctive relief of the kind sought by appellant.

2. The district judge determined that the suit was barred both because the court lacked jurisdiction pursuant to 12 U.S.C. § 1821(d)(6)(A) and because it had no jurisdiction over a case removed from a state court which itself did not have jurisdiction over the original case. While it was once settled law that a federal court's removal jurisdiction was derived from the state court's jurisdiction, this rule has been abolished by statute. See 28 U.S.C. § 1441(e). Thus, we address only the effect of 12 U.S.C. § 1821(d)(6)(A) on the district court's jurisdiction.

§ 1821(j)), *cert. denied,* —— U.S. ——, 112 S.Ct. 933, 117 L.Ed.2d 105 (1992).

■ Appellant's claims for equitable reformation and/or cancellation of the contract fare no better. These claims lie in the maw of the statute, for, in the statutory parlance, the plaintiff's complaint "seeks a determination of rights with respect to [ ] the assets of a[ ] depository institution for which the Corporation has been appointed receiver." 12 U.S.C. § 1821(d)(13)(D). By its terms, the statute limits federal court jurisdiction over such claims to those instances "otherwise provided" in section 1821(d). *Id.; see also Marquis v. Federal Deposit Ins. Corp.,* 965 F.2d 1148, 1153 (1st Cir.1992). We understand this to mean that the federal courts are barred from asserting jurisdiction over claims against the assets of failed depository institutions except as expressly or impliedly permitted, *see Marquis,* 965 F.2d at 1153 (suggesting that, in addition to its express grants of jurisdiction, section 1821(d) also implies the existence of jurisdiction in other circumstances), by virtue of the various subsections of section 1821(d). *See Resolution Trust Corp. v. J.F. Assocs.,* 813 F.Supp. 951, 954 (N.D.N.Y.1993); *see also Landmark Land Co. v. Office of Thrift Supervision,* 948 F.2d 910, 912–13 (5th Cir.1991) (interpreting similarly worded provision in 12 U.S.C. § 1818(i)(1) as limiting jurisdiction). We further understand the specific jurisdictional provision of section 1821(d)(13)(D) to control over the more general jurisdictional grant found in 12 U.S.C. § 1819(b)(2)(A).[3] *See Gozlon–Peretz v. United States,* 498 U.S. 395, 407, 111 S.Ct. 840, 848, 112 L.Ed.2d 919 (1991) ("[a] specific provision controls over one of more general application") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 2499, 96 L.Ed.2d 385 (1987)).

■ Appellant seeks to find safe haven in the statute itself: after all, section 1821(d)(6)(A) expressly confers jurisdiction upon federal courts to entertain suits based upon disallowed claims. The district court did not buy these wares. Rather, Judge Lagueux, adopting a position urged by the FDIC below, ruled that the only courts which had jurisdiction over appellant's claims were the federal district court for the district where the failed bank maintained its principal place of business (here, Massachusetts) and the federal district court for the District of Columbia, *see* 12 U.S.C. § 1821(d)(6)(A).[4] Lloyd's appeal attacks this ruling. And appellant has acquired a rather surprising ally: reversing its field, the FDIC now contends that section 1821(d)(6)(A) is not a jurisdictional limitation, but is instead a venue provision that can be waived (and which the FDIC has waived in this instance). We think the FDIC was right the first time around.

For one thing, the plain language of section 1821(d)(6)(A) indicates that it is a jurisdictional grant limited to the federal district court for the district where the institution has its principal place of business and the United States District Court for the District of Columbia. *See id.* (providing that either such court "shall have jurisdiction to hear such claim"). *Accord J.F. Assocs.,* 813 F.Supp. at 958. For another thing, while the reasoning of the only court that, to our knowledge, has found section 1821(d)(6)(A) to be a venue provision supports the FDIC's new position, the reasoning is not persuasive—and the holding is not inconsistent, *simpliciter,* with reading the section as a jurisdictional provision. In *Vinton v. Trustbank Sav., F.S.B.,* 798 F.Supp. 1055 (D.Del. 1992), the court held that section 1821(d)(6)(A) was not a grant of "exclusive jurisdiction" to the two listed courts and did not deprive a third court of jurisdiction which

---

**3.** Subsection 1819(b)(2)(A) provides, in part, that:

> all suits ... to which the [FDIC] is a party shall be deemed to arise under the laws of the United States.
>
> 12 U.S.C. § 1819(b)(2)(A).

**4.** The statute provides, in relevant part, that a claimant may:

file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district court or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A).

it had previously obtained.[5] *Id.* at 1065. But section 1821(d)(6)(A) can be read as a grant of jurisdiction to two designated courts without being read as a completely exclusive grant. *Accord J.F. Assocs.*, 813 F.Supp. at 955. As we interpret it, section 1821(d)(6)(A) does not extend jurisdiction beyond the two specified courts—but, by the same token, it does not deprive a court of jurisdiction where, as in *Vinton*, that jurisdiction has a source independent of section 1821(d)(6)(A). *See Marquis*, 965 F.2d at 1152–54 (determining that subsections of section 1821(d) other than section 1821(d)(6)(A) permit federal courts to retain jurisdiction in circumstances where a bank's failure postdates the institution of the action).

 In the instant case, section 1821(d)(6)(A) provides no basis for jurisdiction in the United States District Court for the District of Rhode Island. Nor has appellant or the FDIC indicated any source of federal jurisdiction in section 1821(d) other than section 1821(d)(6)(A). Consequently, even though, viewed simply from the perspective of policy, it might seem sensible to allow for suits of this sort to be tried in the district where the transactions occurred and where the court is likely to be most familiar with any applicable local law, the statutory language, especially that of § 1821(d)(13)(D), compels us, absent a more persuasive argument to the contrary, to find that the district court appropriately determined that it lacked subject matter jurisdiction over Lloyd's suit. *See Massachusetts Financial Services, Inc. v. Securities Investor Protection Corp.*, 545 F.2d 754, 756 (1st Cir.1976), ("a statute's plain language is the primary indicator of its meaning"), *cert. denied*, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977).[6]

The normal remedy in these circumstances would be for the district court to dismiss this case (as it did). Here, however, a dismissal seems unfair since it would deprive Lloyd, who is in effect a victim of the FDIC-inspired transfer to the District Court for the District of Rhode Island, of any means of redress. *See* 12 U.S.C. § 1821(d)(6)(B) (unless claimant requests review of disallowance of claim within 60 days of determination, "disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim"). Since the transferor court was not empowered to order the transfer of this action to a court which lacked subject matter jurisdiction over it, *see* 28 U.S.C. § 1404(a) (transfer may only be to a district where the action "might have been brought"), we think it more prudent that the district court retransfer this action to the United States District Court for the District of Columbia on the ground that the transfer was improvidently granted. *See Turner v. Kelley*, 411 F.Supp. 1331 (D.Kan.1976) (retransferring case to transferor court because transferee court lacked jurisdiction under 5 U.S.C. § 552(a)); *Majewski v. New York C.R. Co.*, 227 F.Supp. 950 (W.D.Mich.1964) (retransferring case to transferor court because transferee court lacked jurisdiction).

The dismissal is therefore *vacated* for the purpose of allowing the district court to enter such an order. No costs.

---

**5.** In *Vinton*, the United States District Court for the District of Delaware had obtained jurisdiction over the case before the Resolution Trust Corporation took over as receiver.

**6.** We note that, liberally construed, appellant's complaint also invokes 12 U.S.C. § 1821(e), a statute which provides that the FDIC may repudiate contracts entered into before its appoint-

ment as receiver, but affords an injured party a right to compensatory relief. *See, e.g., Howell v. Federal Deposit Ins. Corp.*, 986 F.2d 569, 571 (1st Cir.1993). We do not decide whether the district court would have jurisdiction under this section because appellant has explicitly disavowed any intention of pursuing a breach of contract claim.