Jacqueline E. **HRUBY**, individually and as next friend for Jaimee M. Bewley, a minor, Plaintiff,

v.

**UNITED STATES** of America and Resolution Trust Corporation, as receiver for Commonwealth Federal Savings and Loan Association, Ft. Lauderdale, Florida, and Kilburn–Young Asset Management Corporation, and Clarke & Wyndham, Inc., Defendants.

Civ. A. No. 94–1401–LFO.

United States District Court, District of Columbia.

April 28, 1995.

---

Inez Smith Reid, Washington, DC, for Kilburn–Young Asset Management Corp. and Resolution Trust Corp.

Richard W. Galiher, Jr., Rockville, MD, for Clarke & Wyndham, Inc.

Jane E. Martindell, U.S. Dept. of Justice, Washington, DC, for U.S.

## MEMORANDUM

OBERDORFER, District Judge.

### I.

Plaintiff, a resident of Texas, brings this action on behalf of herself and her minor daughter who was allegedly raped by another juvenile in an abandoned building there. Invoking provisions of the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA")[1] and the Federal Tort Claims Act ("FTCA"),[2] she sues the United States and Resolution Trust Corporation ("RTC"), as receiver for Commonwealth Federal Savings and Loan Association of Ft. Lauderdale, Florida. Plaintiff's complaint also named two private sector entities: Clarke & Wyndham, Inc.[3] ("Clarke & Wyndham") of Bryan, Texas, and Kilburn–Young Asset Management Corporation ("Kilburn–Young") of Atlanta, Georgia, which had the responsibility for management of the building that was the scene of the alleged assault. It is plaintiff's theory that one or more of these defendants negligently failed properly to supervise the unoccupied building so as to allow it to be frequented and misused by juveniles, including the plaintiff's ward and her alleged assailant.

The complaint alleges, and documentary evidence tends to confirm, that before filing this suit plaintiff filed a claim, albeit referenced specifically to the administrative claims provisions of FIRREA, and that RTC denied the claim. Plaintiff asserts that having exhausted her administrative remedies, she filed this multi-claim, multi-defendant lawsuit in this district in deference to the requirement of FIRREA fixing jurisdiction for administrative review of RTC actions on

Sharon A. Cummings, Robins, Kaplan, Miller & Ciresi, Washington, DC for plaintiffs.

---

1. 12 U.S.C. § 1821(d)(6)(A); 28 U.S.C. §§ 1331–1332, 1346(b).

2. 28 U.S.C. §§ 2671–2680.

3. Incorrectly designated as Clarke–Wyndham Real Estate Investment Services, Inc.

**10**

such claims here or in the district in which the institution in receivership maintained its principal place of business. 12 U.S.C. § 1821(d)(6)(A).

The case is now before this Court on several matters:

1. The United States' motion to dismiss the FTCA claim because of, *inter alia*, alleged defects in plaintiff's conduct of her administrative claim and improper venue.

2. The motion of Clarke & Wyndham to dismiss because it has no District of Columbia contacts sufficient to establish personal jurisdiction here.

3. Plaintiff's motion to transfer to the Southern District of Texas the entire case, including her claim against RTC.

4. Plaintiff's motions to stay the motions to dismiss pending a ruling on her motion to transfer.

5. Claims over by RTC and Kilburn–Young against Clarke & Wyndham to hold it ultimately responsible should the plaintiff establish liability.

6. Clarke & Wyndham's motion to dismiss the amended crossclaim of RTC & Kilburn–Young.

7. Motion by RTC and Kilburn–Young to serve discovery requests on plaintiff.

## II.

### A.

It is appropriate to address the motions to dismiss preliminary to consideration of plaintiff's motion to transfer. The United States moved to dismiss the FTCA claim against it on the theories that: (i) the plaintiff's administrative claim filed with the RTC and rejected by it did not formally and sufficiently invoke the FTCA; and (ii) plaintiff's claim alleges misconduct by a contractor, as distinguished from an employee of the United States, a matter with respect to which FTCA has not waived sovereign immunity. In addition, the United States challenges this Court's jurisdiction and the propriety of this venue.

It remains to be determined whether the plaintiffs properly pursued and exhausted the administrative remedies prerequisite to bringing an FTCA action in federal court, and whether, and to what extent, the United States, through the RTC, had responsibility for the actions of the private sector defendants so as to make them *de facto* employees rather than independent contractors. However, it is manifest that if the plaintiffs have an arguable claim under FTCA, jurisdiction and venue lie in Texas so that the claim could have been prosecuted there. In order to minimize diffusion of the management of this controversy, rather than resolve the substantive FTCA issues here, an accompanying Order will transfer plaintiff's tort claim to Texas. The transfer of the FTCA claim moots plaintiff's motion to stay the United States' motion to dismiss, without prejudice to its renewal in Texas.

### B.

There is manifestly no jurisdiction in the District of Columbia over private sector defendant Clarke & Wyndham, which is incorporated and does business in Texas, and has no relevant contacts here. The other private sector defendant is a Georgia corporation. Moreover, if there were jurisdiction, this is neither the proper nor convenient forum for the trial of a rape/negligence event that allegedly occurred in Texas. The evidence and witnesses are in Texas. In the circumstances here, the claim by the Texas plaintiff against Clarke & Wyndham of Texas could have been brought there despite the lack of diversity because the federal court there could exercise jurisdiction supplemental to that it would have over the United States pursuant to the FTCA. It is in the interest of justice, as defined by courts applying 28 U.S.C. § 1404(a), that these claims should be transferred and tried in Texas. Transfer of the claims against the private sector defendants moots plaintiff's motion to stay Clark & Wyndham's motion to dismiss, as well as Clark & Wyndham's motion.

### C.

The RTC has conspicuously failed to move to dismiss plaintiff's claim against it. Nonetheless, RTC's status is put in play by plaintiff's motion to transfer this action to Texas

pursuant to 28 U.S.C. §§ 1404(a) and 1406. The motion to transfer the entire action necessarily encompasses plaintiff's claim against RTC, along with all the other causes of action alleged in the complaint, and RTC's own cross claim in conjunction with Kilburn–Young and against Clarke & Wyndham.

■ It is obvious that jurisdiction and venue to review RTC's denial of plaintiff's claim against it lies here by operation of 12 U.S.C. § 1821(d)(6)(A). Because Congress has severely limited the fora in which plaintiff could bring her claim against RTC, her motion to transfer founders on the plain language of 28 U.S.C. §§ 1404(a) and 1406, which permit transfer of a case like this to a more convenient forum only if the forum is one in which the action "might have been brought."

It is arguable that in a suit involving a complex of causes of action, some of which are eligible for transfer to a more convenient forum where they "might have been brought," the RTC element of the suit could and should be transferred "piggy back" to those elements plainly transferrable. It is noticeable from a review of the plethora of litigation about the venue of claims against RTC that most of them relate to financial transactions of, or with respect to, a predecessor institution which has fallen into RTC's receivership, as distinguished from this garden-variety tort suit. Furthermore, there are strong considerations of judicial economy and efficiency expressed in, among other places, Rule 19 of the Federal Rules of Civil Procedure that argue strongly against the piecemeal adjudication in separate fora of a single complaint such as this. As Judge Selya of the First Circuit recently observed in a related context, however:

> [E]ven though, viewed simply from the perspective of policy, it might seem sensible to allow for suits of this sort to be tried in the district where the transactions occurred and where the court is likely to be most familiar with any applicable local law, the statutory language, especially that of § 1821(d)(13)(D), compels us, absent a more persuasive argument to the contrary, to find that the district court appropriately determined that it lacked subject matter jurisdiction....

*Lloyd v. FDIC*, 22 F.3d 335, 338 (1994).

Judge Selya's caveat invites "a more persuasive argument" that the complaint at issue embracing several causes of action against several defendants is a unitary "civil action," as that term is used in § 1404(a), which could, or should, be transferred *in solido* and include the claim against RTC. However, none of the foregoing considerations nor the arguments advanced by plaintiff overcome the combination of the statutes whose plain language permit transfer only to a district where this "civil action ... might have been brought" (28 U.S.C. §§ 1404(a); 1406), *and* unequivocally direct that actions against RTC only be brought either in the district where the institution for which RTC is acting as receiver has its principal place of business, or in this Court. 12 U.S.C. § 1821(d)(6)(A). Accordingly, an accompanying Order will deny plaintiff's request to transfer her claim against the RTC.

### D.

■ Plaintiff's motion to transfer necessarily encompasses the claims over which RTC and Kilburn–Young filed against Clarke & Wyndham. These claims derive directly from plaintiff's claims and could have been brought in Texas. Even though plaintiff's claim against RTC is retained here, RTC could obtain in the Texas court a declaratory judgment that in the event this Court found RTC liable ultimate responsibility would shift to Clarke & Wyndham. Accordingly, an accompanying Order will transfer the claims over to Texas.

### E.

RTC and Kilburn–Young have filed a motion to commence discovery before the parties have met and conferred. Treating the motion as pertaining only to claims against the RTC, which will remain in this Court, an accompanying order will deny the motion. No useful purpose would be served by litigation in this Court of plaintiff's claim against RTC while the claims against the United States and the private sector defendants proceed in Texas. When, and if, plaintiff has a

**12**

judgment in Texas, she may well be able to offer that judgment in evidence in support of her claim against RTC, particularly since the proceedings in Texas may well resolve RTC's claim over against Clarke & Wyndham, even before the question of RTC's liability to plaintiff has been resolved here.

### F.

The foregoing considered, a question remains as to the management of plaintiff's claim against RTC pending proceedings in the transferee court in Texas. Plaintiff's claim against RTC appears to depend, in the first instance, upon her ability to obtain relief in Texas against the private sector defendants which were presumably on the scene or, in any event, nearer to it than was the RTC. If the plaintiff does not prevail in Texas against the private sector defendants, the claim against RTC would presumably perish. If the plaintiff, however, prevails to judgment in Texas, that judgment may well be admissible in the action pending here. In light of: (i) the "persuasive argument" [4] that this multi-claim, multi-defendant complaint could have been brought in Texas as a single "civil action" as that term is used in Section 1494(a); and (ii) the policy objectives evidenced by Rule 19 of the Federal Rules of Civil Procedure, RTC, a public institution whose representatives are officers of the Court, may well consider whether it may wish to, *sua sponte* consent to transfer the claim against it and its motion for discovery to Texas, along with all of the other elements of this action now en route there. Meanwhile, an accompanying Order will stay the RTC element of this case and transfer all other elements of it, including RTC's claim over, to the United States District Court for the Southern District of Texas.

**4.** *See Lloyd v. FDIC.* 22 F.3d 335, 338 (1994).