[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court are two motions from the June 6, 1996 motion calendar, viz., a motion to dismiss (#164) and a motion to strike (#166), both filed by the plaintiff, Eastern Savings Bank, F.S.B. (Eastern Savings). The motion to dismiss is directed against the counterclaim filed by the defendant, Saverio D. Ruffolo, IV (Ruffolo), on the ground of subject matter jurisdiction, arguing that Ruffolo failed to exhaust administrative remedies, the federal district court has exclusive jurisdiction over the claims and the counterclaims are meritless and frivolous.
The plaintiff alleges in its amended complaint of March 8, 1995, that on February 10, 1988, the defendant executed and delivered to First Northern Mortgage Corp. a note for $350,000.00 secured by a mortgage on property located in Greenwich. The note and mortgage were assigned to First Northern Mortgagee Corporation, and then were assigned to City Federal Savings Bank on February 10, 1988, and then to Eastern Savings Bank in 1993. The complaint further alleges that Ruffolo failed to make monthly payments beginning on February 1, 1989, and has failed to make payments since that time. Eastern Savings Bank seeks a foreclosure of its mortgage.
The defendant's amended special defenses and counterclaim dated April 12, 1996, are based on an alleged oral agreement between the plaintiff and the defendant which occurred sometime prior to February 10, 1988. The defendant submits that by an oral agreement plaintiff agreed to give the defendant a mortgage loan in the principal amount of $350,000.00 with an initial interest rate of 7.875%. However, the actual interest rate on the note was 8%.
The file further reveals that on December 8, 1989, the Office of Thrift Supervision (OTS) declared City Federal insolvent, and appointed the Resolution Trust Corporation (RTC) as receiver. The RTC assigned all of its right, title and interest in and to the note and mortgage to City Savings Bank, F.S.B. On September 21, 1990, City Savings Bank was closed by OTS and the RTC was appointed as receiver. RTC assigned all of its right, title and interest to the note and mortgage to City Savings, F.S.B. the same day.
On January 11, 1991, the OTS closed City Savings and appointed the RTC as its receiver. The RTC, as receiver, then took possession of City Savings. On September 28, 1993, the RTC CT Page 6004 as receiver for City Savings assigned the note and mortgage to the plaintiff.
On May 15, 1991, the defendant filed a revised answer, special defenses and six-count counterclaim. The initial answer, special defenses and counterclaims were filed on February 6, 1991, one month after the RTC was appointed receiver. Ruffolo did not file a claim with the RTC.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."' (Emphasis in the original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." AmericanLaundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983). "Every presumption favoring jurisdiction should be indulged." Demar v. Open Space and Conservation Commission,211 Conn. 416, 425, 559 A.2d 1103 (1989). "[T]he burden of proof [is] on the [party challenging jurisdiction] as to jurisdictional issues raised." Standard Tallow Corporation v. Jowdy, 190 Conn. 48,53, 459 A.2d 503 (1983). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id., 56.
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Gurliacci v. Mayer, supra,218 Conn. 542. Subject matter jurisdiction is tested as of the time of the filing of the complaint. Whatley v. Resolution TrustCorporation, 32 F.3d 905, 907 (5th Cir. 1994).
The plaintiff first argues that the court lacks subject matter jurisdiction because the defendant failed to exhaust the administrative remedies set forth in the Financial Institution Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821
(d)(3).
FIRREA requires that "any claim" against a failed financial institution placed in receivership under the act be filed in an administrative claims process with the FDIC or RTC before the CT Page 6005 passing of a deadline, at least 90 days from the first publication of monthly notice of the receivership. 12 U.S.C. § 1821
(d)(6)(A). Judicial determination of claims is permitted only to those who file timely claims that are disallowed by the FDIC or RTC. 12 U.S.C. § 1821 (d)(6)(A). The FDIC or RTC has discretion to allow claims filed after the bar date, but such decisions are not subject to judicial review.12 U.S.C. § 1821 (d)(5)(C)(ii) and (6)(A). The parties agree that a failure to exhaust administrative remedies deprives the court of subject matter jurisdiction. Bank of New England, N.A.v. Callahan, 758 F. Sup. 61, 64 (D.N.H. 1991) ("It is beyond question that a suit filed against the receiver after its appointment is subject to the administrative [review requirement]." Circle Industries v. City Federal Sav. Bank,749 F. Sup. 447, 455 (E.D.N.Y. 1990) ("In enacting FIRREA, Congress intended litigants . . . to first submit their claims against failed savings and loan institutions to the RTC or FDIC before commencing an action in the district court"); Heno v. FDIC,20 F.3d 1204 (1st Cir. 1994) ("Failure to participate in the administrative review process is a `jurisdictional bar' to judicial review"). Counterclaims are barred by claimant's failure to exhaust administrative remedies when they are not presented within the jurisdictional bar period. Federal Deposit InsuranceCorp. v. Vernon Real Estate Invest., Ltd., 798 F. Sup. 1009
(S.D.N.Y. 1990).
The defendant argues that he never received notice of the appointment of a receiver, and therefore the requirements for administrative action were never triggered. The statute contains a notice requirement. 12 U.S.C. § 1821 (d)(3)(B) requires that the receiver "in any case involving the liquidation or winding up of the affairs of a closed depository institution, shall — (i) promptly publish a notice to the depository institution's creditors to present their claims . . . (ii) republish such notice approximately 1 month to 2 months, respectively, after the publication under clause (i)." The provision also requires the receiver to mail notice "to any creditor shown on the institution's books" — 12 U.S.C. § 1821
(d)(3)(C), or "upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery." "Creditor" under the act has been extended to include a mortgagor. Freeman v. F.D.I.C., 56 F.3d 1394,1399-402 (D.C. Cir. 1995).
Courts have held that "where the receiver fails to give CT Page 6006 notice of any other claims procedure, it must consider any pending law suits in the administrative process and proceed with the law suit." Greater Slidell Auto v. American Bank of BatonRouge, 32 F.3d 939, 941 (5th Cir. 1994). However, this applies to a claimant with a suit already pending against the failed institution when the receiver is appointed. "[A] separate scheme exist for the disposition of lawsuits filed pre-receivership. "Whatley v. Resolution Trust Corp., supra, 32 F.3d 908. This is because when the complaint was filed, the court had jurisdiction, and this jurisdiction continues after the appointment of a receiver. Id. However, "FIRREA contains no provision granting federal jurisdiction to claims filed after a receiver is appointed but before administrative exhaustion." Id., quotingMeliezer v. Resolution Trust Company, 952 F.2d 879 (5th Cir. 1992). Although courts have held that despite a lack of notice by mail, the claimant must still exhaust administrative remedies; see Meliezer, supra, 883; Betancourt v. F.D.I.C., 851 F. Sup. 126,129-30 (1994) holds that a mortgagor's claim that a bank failed to use assets in accordance with instructions was dismissed as to plaintiffs who received notice by mail, but permitted as to a corporation which did not receive notice by mail even though a director and shareholder received notice.
The plaintiff argues that the defendants received notice in the form of a motion to substitute the RTC as plaintiff which was filed on July 1, 1991, and granted on August 1, 1991. Assuming the RTC published notice of the receivership, the defendant would have received this notice long after the 90-day deadline had passed. However, § 1821(d)(C)(ii) provides an exception to the general rule of disallowance of a claim if the claimant did not receive notice of the receivership in time to file a claim so long as the claim was filed in time to permit payment. The defendant could have filed the counterclaim with the RTC in time to permit payment, and the deadline would have been excused.
The defendant also argues that the failure to receive notice violates due process. The court in Slidell, supra, 32 F.3d 941, held that the failure to receive the required mailed notice violates the Due Process Clause of the Fifth Amendment of the United States Constitution. The Freeman v. F.D.I.C. court held that where the party had notice and an opportunity to be heard, due process is not implicated. The court does indicate that "if [the claimants] were not afforded notice of their exclusive opportunity to present their claims, serious due process concerns would be implicated, for notice must be `reasonably calculated', CT Page 6007 under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objectives."` Freeman v. F.D.I.C., supra, 56 F.3d 1403 n. 2. The plaintiffs in the Freeman case received notice of the receivership, but did not receive notice in the mail of the bar date. If notice was not published in the paper, due process was violated, despite the notice afforded the defendants by the motion for substitution. The court has nothing before it to demonstrate that there was or was not notice. Neither the plaintiffs nor the defendants have provided affidavits to demonstrate whether any notice, newspaper or mail was provided, and whether notice was received. If the RTC published notice but did not mail notice, this court would not have jurisdiction pursuant to Meliezer v. Resolution Trust Co., supra. However, if the plaintiff did not publish notice at all, the court would have jurisdiction over the claim. 12 U.S.C. § 1821 (d)(3)(B)(i).
The plaintiff next argues that the federal court has exclusive jurisdiction over the counterclaim. Courts have held that prereceivership claims have concurrent jurisdiction with state courts. Holmes Fin. Assocs. v. Resolution Trust Corp.,33 F.3d 561 (6th Cir. 1994). The court in Holmes Fin. Assocs.
specifically limited its analysis to pre-receivership claims, but stated that the issue relating to post-receivership claims "is only now beginning to be litigated in the federal courts." Id., 566. The court cites two cases which hold that the statute requires specified federal courts to exercise exclusive jurisdiction over post-receivership claims, and that the provisions are jurisdictional, not merely venue requirements.Lloyd v. FDIC, 22 F.3d 335 (1st Cir. 1994); Mansolillo v. FDIC,804 F. Sup. 426 (D.R.I. 1992). If the RTC did not publish notice in the newspaper, the statutory scheme is not triggered, as discussed above, and the federal court would not have exclusive jurisdiction. "[Section 1821(d)(6)(A)] does not deprive a court of jurisdiction where . . . that jurisdiction has a source independent of section 1821(d)(6)(A)." Lloyd v. FDIC, supra, 22 F.3d 338. Even if notice was published, the federal courts do not exercise exclusive jurisdiction. See Alvarado v. FirstConstitution Bank, Superior Court, judicial district of New Haven at New Haven, Docket No. 345608 (March 6, 1995, Gray, J.). The court quoted Holmes Financial Associates, Inc. v. ResolutionTrust Corp., No. 93-5911 (6th Cir. August 19, 1994), "[c]oncurrent jurisdiction always exists under the Supremacy Clause until affirmatively and expressly revoked by federal law. See Howlett v. Rose, 496 US. 356, 370 n. 17 (1990)." "It therefore CT Page 6008 takes an affirmative act of power under the Supremacy Clause to oust the States of jurisdiction — an exercise of what one of our earliest cases referred to as `the power of Congress to withdraw' federal claims from state-court jurisdiction." Tafflinv. Levitt, 493 U.S. 455, 470 (1990) (Scalia, J., concurring). This review was recognized in Yellow Freight System, Inc. v.Donnelly, 494 U.S. 820, 823 (1990). The statute does not expressly revoke state jurisdiction, and the courts that have found that the jurisdictional grant in the statute limits jurisdiction to two district courts were not faced with the issue of concurrent state court jurisdiction.
The plaintiff then argues that the provision of exclusive jurisdiction applies to transferees of the RTC. The plaintiff concedes that the statute is silent on the issue, but cites analogous law. Bell Murphy and Assoc. v. InterFirst BankGateway, 894 F.2d 750 (5th Cir. 1990). The relevant issue, however, is whether the court had jurisdiction at the time the counterclaim was filed and if it did not, the court cannot subsequently acquire jurisdiction.
Lastly, the plaintiff argues that the counterclaims must be dismissed because the defendant failed to comply with the Federal Tort Claims Act, 28 U.S.C. § 1346 (b) and 2671 et seq. (FTCA). The FTCA provides the exclusive remedy for tort claims against the United States and the FDIC and the RTC when acting as conservator or receiver of a failed institution. 28 U.S.C. § 2679
(a), 12 U.S.C. § 1441 (a)(b)(1)(B). The defendant responds that counterclaims are not subject to the requirements of the FTCA provided that they are compulsory. U.S. v. MartchUSA, Inc., 800 F. Sup. 865, 866 (D. Alaska 1992); United Statesv. Chatham, 415 F. Sup. 1214 (DC. Ga 1976). A counterclaim is deemed compulsory when it meets the provisions in Rule 13(a) of the Federal Rules of Civil Procedure, that is, the counterclaim must "arise out of the same transaction or occurrence that is the subject of the opposing party's claim." Id. The counterclaim at issue alleges fraud in the inducement, negligent misrepresentation, negligent lending practices and Unfair Trade Practices relating to an oral agreement entered into by the parties relating to the interest rate to be charged in the note and mortgage at issue in the plaintiff's complaint. The counterclaim arises from the same transaction as the note and mortgage and, accordingly, the counterclaim is not dismissed on that basis. CT Page 6009
Therefore, this court does have jurisdiction over the counterclaim as filed by the defendant.
As indicated previously, the plaintiff also moved to strike both the special defenses and counterclaims filed by defendant Ruffolo. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint." S.M.S. Textilev. Brown, Jacobson, Tillinghast, Lahan and King, P.C., 32 Conn. App. 786,796, 631 A.2d 340 (1983). "If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." Further, "[w]here the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied.:Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990) (citing Fraser v. Henninger, 173 Conn. 52, 61,376 A.2d 406 (1977)." A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group,Inc., supra, 224 Conn. 215.
The plaintiff argues that the special defenses and counterclaim are legally insufficient because they are unenforceable under the D'Oench, Duhme doctrine and 12 U.S.C. § 1823
(e). The plaintiff also argues that it is a holder in due course of the note and therefore is not subject to the special defenses and counterclaim. Further, plaintiff argues the defendant's special defenses and counterclaim are meritless and frivolous.
In D'Oench, Duhme Company v. FDIC, 315 U.S. 447 (1942), the FDIC acquired a promissory note executed by D'Oench, Duhme Co. from a failed bank. The FDIC demanded payment on the Note, but D'Oench, Duhme Co. claimed that there was a contemporaneous oral agreement between them and the bank that the note would not be called in for payment. The court ruled in favor of the FDIC. CT Page 6010 The D'Oench, Duhme doctrine, and its federal counterpart12 U.S.C. § 1823 (e) are essentially rules of estoppel. "The rule emerging from D'Oench, Duhme is that no agreement between a borrower and a bank which does not plainly appear on the face of an obligation or in the bank's official records is enforceable against the FDIC." Adams v. Madison Realty Development, Inc.,937 F.2d 845, 852 (1991). This protection from special defenses and counterclaims is also extended to the Resolution Trust Corporation (RTC). Id.
In the instant case, the defendant alleges that he had a contemporaneous, oral and undocumented side agreement concerning the adjustable rate of the note. The plaintiff argues theD'Oench, Duhme doctrine protects it from special defenses and counterclaims arising out of an alleged side agreement.
However, the defendant submits that the foundation of plaintiff's motion to strike is alleged facts that appear in plaintiff's memorandum of law in support of the motion to strike, but do not appear on the face of the pleadings. As mentioned previously, these facts are that First Northern Mortgage Corp. (First Northern) assigned the defendant's note and mortgage to First Northern Mortgagee Corporation which then assigned the note and mortgage to City Federal Savings Bank (City Federal). The Office of Thrift Supervision (OTS) declared City Federal insolvent and appointed the RTC as receiver of City Federal. Subsequently, the RTC assigned the note and mortgage to several bridge banks until it was finally assigned to the present plaintiff, Eastern Savings Bank, FSB. The plaintiff asserts that because it is a transferee of the RTC, it is afforded the protection of the D'Oench, Duhme doctrine and 12 U.S.C. § 1823
(e).
However, neither the OTS, bridge banks nor the RTC is mentioned by the plaintiff in its pleadings. "Because the court is limited to the facts alleged in the complaint, NovametrixMedical Systems v. BOC Group, Inc., supra, 224 Conn. 215, the plaintiff must allege in its complaint that it is an assignee of the RTC in order to benefit from the protection of the D'Oench,Duhme doctrine. In the instant case there is no mention of the RTC or of its transfer of the note and mortgage to the plaintiff on the face of the pleadings. Since the plaintiff has not alleged that the RTC was once the holder of the note, the plaintiff cannot benefit from the D'Oench, Duhme doctrine or 12 U.S.C. § 1823
(e). CT Page 6011
Because the RTC's involvement is not in the pleadings, the plaintiff's additional arguments regarding the defendant's special defenses and counterclaims, plaintiff's status as a holder in due course, and the question of whether the defendant's claims are meritless do not have to be addressed.
In conclusion, the plaintiff, Eastern Savings Bank FSB's motion to strike the special defenses and counterclaim is denied.
So Ordered.
Dated at Stamford, Connecticut this 27th day of August, 1996.
WILLIAM BURKE LEWIS, JUDGE