**CROSS ROADS R.V. CENTER, INC., Plaintiff,**

**v.**

**TEXTRON FINANCIAL CORP., Defendant.**

**Civil Action No. 08–12132–NMG.**

United States District Court, D. Massachusetts.

April 22, 2009.

Pamela E. Berman, Patricia K. Rocha, Adler Pollock & Sheehan, Boston, MA, John A. Tarantino, Adler, Pollock & Sheehan P.C., Providence, RI, for Defendant.

Neal M. Brown, Law Offices of Neal M. Brown, Hingham, MA, for Plaintiff.

## MEMORANDUM & ORDER

NATHANIEL M. GORTON, District Judge.

In this contract dispute, the defendant, Textron Financial Corporation ("TFC"), has moved to enforce a forum selection clause establishing venue not in this Court but in the courts of Rhode Island.

## I. *Background*

On November 7, 2006, TFC agreed to finance the purchase of new recreational vehicles by plaintiff Cross Roads R.V. Center, Inc. ("Cross Roads"). The parties' agreement ("the Agreement") was memorialized in writing and stated that

> This Agreement shall be governed, construed and enforced in accordance with the laws of the State of Rhode Island without reference to conflict of laws principles. Debtor consents to the exclusive jurisdiction of the Courts of the State of Rhode Island, sitting in Providence, Rhode Island and the United States District Court for the District of Rhode

Island for all purposes connected with this Agreement.[1] The parties later reached a separate agreement for financing the purchase of trade-in and used recreational vehicles but that agreement was not reduced to writing.

On November 26, 2008, Cross Roads brought suit against TFC in Massachusetts Superior Court for Plymouth County alleging breach of contract, violation of the Massachusetts Consumer Protection Act, M.G.L.c. 93A, and fraud. On December 23, 2008, TFC removed the case this Court based on diversity jurisdiction. Shortly thereafter, TFC filed suit against Cross Roads in the United States District Court for the District of Rhode Island alleging breach of contract arising out of substantially the same facts as this case.

On December 29, 2008, TFC filed a motion to dismiss this case pursuant to Fed. R.Civ.P. 12(b)(6) or, in the alternative, to transfer it to the United States District Court for the District of Rhode Island. Cross Roads has opposed that motion.

---

1. Although TFC purports to attach the Agreement as an exhibit to the memorandum in support of its motion, the Agreement was not provided to the Court. The parties do not,

## II. *Legal Analysis*

■ TFC argues that this case should be dismissed because the forum selection clause of the Agreement establishes venue exclusively in another forum (Rhode Island). Relying on *Lambert v. Kysar*, 983 F.2d 1110, 1113 n. 2 (1st Cir.1993), TFC asserts that it did not waive its right to object to venue merely by removing the action to this Court.

Cross Roads responds that *Lambert* is no longer good law in light of the later addition of subsection (e) to 28 U.S.C. § 1441 which abolished the rule that a federal court's removal jurisdiction was derivative from the state court's jurisdiction.[2] *See Lloyd v. FDIC*, 22 F.3d 335, 336 n. 2 (1st Cir.1994). Citing *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299–1300 (11th Cir. 2001), Cross Roads contends that the effect of the addition of subsection (e) was to establish venue in the district court to which a case is removed irrespective of whether venue was improper when the action was originally filed. Hence, Cross Roads suggests that TFC effectively waived the issue of improper venue by removing this case to federal court instead of seeking dismissal for improper venue in state court.

The First Circuit Court of Appeals has not overruled *Lambert*. Moreover, the addition of subsection (e) occurred in 1986, seven years prior to that decision. *See* Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637. Therefore, this Court will follow the teaching of *Lambert* and determines that TFC did not waive its right to assert improper venue merely by removing the case to federal court. *See also Kilgallen v. Net-*

---

however, appear to dispute the language of the subject provision in the Agreement.

2. Subsection (e) is now codified at subsection (f) of 28 U.S.C. § 1441.

*work Solutions, Inc.*, 99 F.Supp.2d 125, 129–30 (D.Mass.2000) (allowing a motion to dismiss based on improper venue under a forum selection clause even after the case had been removed from state court).

██ A forum selection clause will be enforced unless doing so would be "unreasonable" under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Cross Roads argues that enforcing the clause at issue here would be unreasonable because 1) the execution and performance of the Agreement took place exclusively in Massachusetts, 2) payments were sent to Missouri, and 3) all of the witnesses, parties and evidence lie outside of Rhode Island. That argument is unpersuasive, however, because

> a showing of inconvenience as to a foreign forum would not be enough to hold a forum-selection clause unenforceable, especially if that inconvenience was known or contemplated by the parties at the time of their agreement.

*Royal Bed & Spring Co., Inc. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 49 (1st Cir.1990) (citing *The Bremen*, 407 U.S. at 16, 92 S.Ct. 1907). Here, it was no surprise that events related to the Agreement occurred outside of Rhode Island. Moreover, the added inconvenience of bringing suit only 50 miles away (in Providence instead of Boston) is surely slight. *See JMTR Enterprises, L.L.C. v. Duchin*, 42 F.Supp.2d 87, 100 (D.Mass. 1999).

Cross Roads also argues that enforcing the forum selection clause is unreasonable because Rhode Island has no interest in the case but, in fact, Rhode Island has a genuine interest in the enforcement of its laws, which govern the Agreement that lies at the heart of this case. In addition, Cross Roads argues that it will be prevented from asserting violations of Massachusetts consumer protection laws but that is

not due specifically to the enforcement of the forum selection clause (but rather the choice of law provision). Accordingly, Cross Roads has failed to carry its burden of proving why the forum selection clause in the Agreement is unreasonable and the clause will be enforced.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss for improper venue is **ALLOWED.**

**So ordered.**