NATIONAL CENTER FOR HOUSING
MANAGEMENT, Plaintiff,

v.

HOUSING AUTHORITY OF the CITY
OF MILWAUKEE, Defendant and
Third-Party Plaintiff,

v.

Samuel R. PIERCE, Jr., Secretary of the
United States Department of Housing
and Urban Development, Third-Party
Defendant.

No. 86–C–1374.

United States District Court,
E.D. Wisconsin.

Aug. 25, 1987.

Jeffrey A. Kremers, Milwaukee, Wis., for plaintiff.

Joseph P. Stadtmueller, U.S. Atty. by Mel S. Johnson, Jan E. Kearney, Asst. U.S. Attys., Milwaukee, Wis., for third-party defendant.

Harry Stein, Asst. City Atty., Milwaukee, Wis., for defendant and third-party plaintiff.

DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The National Center for Housing Management (NCHM) is a non-profit corporation providing consulting and other services for the development and maintenance of elderly and other specialized housing programs. NCHM provided certain of its services to the Housing Authority of the City of Milwaukee (HACM). Despite repeated requests and invoices, HACM failed to pay NCHM for its services. Consequently the latter party filed a complaint against HACM in Milwaukee County circuit court in order to collect the $60,000 it alleges is due from HACM. After filing an answer, affirmative defenses and counterclaim, HACM also filed a third-party com-

plaint against Samuel R. Pierce, Jr., as Secretary of the United States Department of Housing and Urban Development (HUD).

The third-party complaint alleges that HUD reneged on its promise to authorize the disbursement of 1982 Comprehensive Improvement Assistance Program (CIAP) funds in the amount of $60,000 to subsidize NCHM's services. The defendant and third-party plaintiff states a claim for relief in the amount of "any and all damages deemed due to the plaintiff [NCHM]," together with corresponding costs and attorney's fees. *See* Third-party complaint at 4.

HUD, as the third-party defendant, filed a petition for removal to this court pursuant to 28 U.S.C. §§ 1441 and 1442. Shortly thereafter, HUD filed a motion to dismiss the third-party action for lack of jurisdiction on grounds that the third-party plaintiff's claim is within the exclusive jurisdiction of the United States Court of Claims. Along with a brief opposing the third-party defendant's motion to dismiss, the plaintiff, NCHM, filed an alternative motion for remand pursuant to 28 U.S.C. § 1447(c).

A threshold question is this court's removal jurisdiction; reviewing the plaintiff's motion for remand, I conclude that removal was appropriate in this case under 28 U.S.C. § 1442. Thus, the plaintiff's motion for remand will be denied. I also conclude that the third-party plaintiff's claim is in fact within the exclusive jurisdiction of the United States Court of Claims; the third-party defendant's motion to dismiss the third party action will be granted.

## MOTION FOR REMAND

Under 28 U.S.C. § 1447(c), a case removed from state court must be remanded "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction...." Contesting the providence of removal in this case, NCHM contends that neither section 1441 nor section 1442 authorizes removal by third-party defendants. Although I agree that 28 U.S.C. § 1441 does not generally authorize removal by a third-party defendant, removal in this case was nevertheless proper under 28 U.S.C. § 1442(a)(1).

The court of appeals for the seventh circuit has held that "in the broad run of third-party cases" third-party defendants are not entitled to remove a state court action to federal district court pursuant to 28 U.S.C. § 1441(c). *Thomas v. Shelton*, 740 F.2d 478, 487 (7th Cir.1984). According to the court, "section 1441(c) does not authorize removal by third-party defendants in general or by the United States in particular...." *Id.*, at 482.

Nevertheless, 28 U.S.C. § 1442 authorizes the removal of the instant case upon petition of the third-party defendant. Section 1442(a)(1) provides for the removal of any civil action commenced against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office...." Although the court of appeals for the seventh circuit has not addressed the question, other circuits have held that the fact that the removing federal officer is a third-party defendant does not defeat removal under this statute. *See Smith v. City of Picayune*, 795 F.2d 482, 485 (5th Cir.1986); *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir.1984); *IMFC Prof. Serv., Inc. v. Latin Amer. Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir.1982). Accordingly, I am persuaded that Secretary Pierce, as an officer of an agency of the United States, was entitled to remove this case pursuant to 28 U.S.C. § 1442(a)(1).

The plaintiff argues, however, that Secretary Pierce is not so entitled because he is not threatened with personal liability. In my opinion, the plaintiff's position imposes unnecessary restriction on the federal officer removal statute. Section 1442 was designed originally to "protect federal officers from interference by hostile state courts." *Willingham v. Morgan*, 395 U.S. 402, 405, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969). Thus, "the right of removal under § 1442(a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office...." *Id.* at 406, 89 S.Ct. at 1816.

Other than the two cases cited by the plaintiff, decided prior to the Supreme Court's pronouncements in *Willingham*, my research has not revealed any law imposing the federal officer removal prerequi-

site that the plaintiff proposes, or any others. *See, e.g., IMFC Prof. Serv., Inc., supra,* 676 F.2d at 156 (rejecting proposal that remand warranted upon dismissal of federal removing defendant, the court held that the "only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency"); *Maine Ass'n of Interdependent Neighborhoods v. Petit,* 644 F.Supp. 81 (D.Me.1986) (removal proper if the express conditions of § 1442 apply even if case subsequently dismissed for lack of standing).

In the instant case the allegations contained in HACM's third-party complaint involve aspects of the implementation of an official HUD program, CIAP. It is clear, therefore, that such allegations challenge actions taken under color of Secretary Pierce's office. Absent any showing to the contrary, I am persuaded that removal of the entire state case was appropriate under 28 U.S.C. § 1442.

## MOTION TO DISMISS

■ Interpreting the mandates of the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491, the court of appeals for the fourth circuit identified three conditions which, if satisfied, give rise to exclusive jurisdiction in the United States Court of Claims:

> The action must be against the United States, seek monetary relief in excess of $10,000, and be founded upon the Constitution, federal statute, executive regulation or government contract.

*Portsmouth Redevelopment & Housing Authority v. Pierce,* 706 F.2d 471, 473 (4th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

The third-party plaintiff in this case acknowledges that HUD makes a showing of the first and third conditions for the exclusive jurisdiction of the claims court; the action is against the United States and is founded upon a government contract. However, HACM contends that HUD has failed satisfactorily to establish the existence of a claim in excess of $10,000. I disagree.

While it is true that the ad damnum clause of the third-party complaint does not state a precise dollar amount, it is clear that the body of the complaint sets forth claims which exceed $10,000.

As noted, the third-party plaintiff alleges dependent claims, contingent upon its liability, if any, as determined by dint of the first-party suit. NCHM, in its first-party complaint against HACM, is seeking $60,000 plus costs and fees. This complaint is incorporated by reference into the third-party complaint.

Unless it appears "to a legal certainty" that the plaintiff's claim is made in bad faith and is really for less than the jurisdictional amount, "the sum claimed by the plaintiff controls." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). The defendant and third-party plaintiff contends that the value of NCHM's services is approximately $5,900 and, therefore, less than the jurisdictional amount. This appraisal of the plaintiff's claim may be a possible defense and relevant to the merits of the case, but absent any allegation of a bad faith claim on the part of NCHM, it is not dispositive of jurisdiction. *Cf. Guy v. Duff & Phelps, Inc.,* 625 F.Supp. 1380 (N.D.Ill.1985) (jurisdictional amount necessary in federal question cases established by plaintiff's claim notwithstanding defendants' contention that plaintiff would not be able to recover such amount).

Thus, because all of the prerequisites of the Tucker Act are present, I conclude that the instant third-party action is within the exclusive jurisdiction of the claims court; the third-party defendant's motion to dismiss for lack of jurisdiction will be granted.

As to the remaining dispute between NCHM and HACM, despite the discretion of this court to remand cases removed pursuant to the federal officer removing statute when the removing party is dismissed from the case, *see IMFC Prof. Serv., Inc., supra,* 676 F.2d at 159, I deem it advisable to retain this matter. Both remaining parties have advised the court of their acquiescence in proceeding here. Furthermore, this court has original jurisdiction over the matter pursuant to diversity jurisdiction under 28 U.S.C. § 1332.

CONCLUSION

Therefore, IT IS ORDERED that the plaintiff's motion for remand be and hereby is denied, without costs.

IT IS ALSO ORDERED that the third-party defendant's motion to dismiss the third-party action for lack of jurisdiction be and hereby is granted, with costs in favor of the Secretary of the United States Department of Housing and Urban Development against the Housing Authority of the City of Milwaukee.

IT IS FURTHER ORDERED that a status conference to discuss the remaining action between National Center for Housing Management and the Housing Authority for the City of Milwaukee be and hereby is scheduled for Wednesday, September 16, 1987, at 9:15 a.m. in courtroom 225 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202. The parties should be prepared to inform the court of their plans and problems in preparing this case for ultimate disposition.