**In re Gerald O. DAVIES and Marty Davies, Debtors.**

**Doug CONE and Lois Cone, Husband and Wife, Plaintiffs,**

v.

**Gerald O. DAVIES and Marty Davies, Defendants.**

**Bankruptcy No. 87–01406.
Adv. No. 91–6221.**

United States Bankruptcy Court, D. Idaho.

July 29, 1992.

748

Douglas L. Mushlitz, Clark & Feeney, Lewiston, Idaho, for plaintiffs.

James L. Westberg, Siebe, Landeck, Westberg & Judge, Moscow, Idaho, for defendants.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The plaintiffs' complaint in this adversary proceeding alleges the plaintiffs, Doug and Lois Cone, are secured creditors of the debtors and defendants Gerald O. and Mary Davies. The complaint further recites the details of the defendants' chapter 13 proceedings in this court and the fact the debtors proposed to pay the plaintiffs, under the terms of their plan, annual payments towards satisfaction of the claim during the term of the plan, and that no such payments were ever made. The complaint prays for, essentially, a declaratory judgment decreeing the plaintiffs claim is nondischargeable in the debtors' chapter 13 case. By way of counterclaim, the debtors raise the issue of the validity of the plaintiffs' secured claim and pray for the avoidance of the plaintiffs' claimed lien on the property. Debtors further deny the plaintiffs are entitled to any relief under their complaint. The parties have stipulated to the facts.

Debtors filed their petition under chapter 13 of the Bankruptcy Code on May 1, 1987. Plaintiffs are secured creditors of the debtors, holding a promissory note secured by a deed of trust. The original amount of the debt was $6,652.00 plus interest. On June 19, 1987, plaintiffs filed a proof of claim alleging this amount as a secured claim. Debtors did not object to the plaintiffs' proof of claim.

The debtors submitted a chapter 13 plan to the Court on December 16, 1987, which was subsequently confirmed. In the plan, debtors provided that "Doug & Lois" would be treated as long term secured creditors with payments to be made annually. "Doug & Lois" was a reference to the plaintiffs. During the course of the plan, plaintiffs received no payments.

The debtors allege the deed of trust securing the debt is fatally defective, and seek its avoidance, in addition to a decree declaring any debt owing the plaintiffs is unsecured and subject to the plaintiff's discharge. No evidence, however, has been presented on this issue, and the stipulation of facts fails to contain facts which would support the avoidance of the plaintiffs' lien.

Any relief, therefore, on the debtors counterclaim to have the lien of plaintiffs declared void will be denied. Two other points on this issue are worth consideration. First, plaintiffs submitted a proof of claim to which debtors never objected. Second, confirmation of the debtors' chapter 13 plan binds the debtors, and prevents any attempt to contest the plaintiffs' claim.

A proof of claim is deemed allowed unless a party in interest objects. 11

U.S.C. § 502(a).[1]  A properly filed proof of claim constitutes *prima facie* evidence of the validity and amount of the claim. F.R.B.P. 3001(f).  The manner in which an objection to a proof of claim is filed is set out in Rule 3007.  F.R.B.P. 3007.  An objection to a secured claim must be heard prior to confirmation of the plan.  *In re Ellefson*, 89 I.B.C.R. 282, 283 (Bankr.D.Idaho 1989) (citing *In re Simmons*, 765 F.2d 547 (5th Cir.1985)).

▮ Several cases have considered the situation where a secured creditor files a proof of claim to which the debtor does not object, but the debtor's chapter 13 plan provides for payment of a lesser secured amount.  Despite the fact the plan contradicted the amount shown in the proof of claim, the cases hold the amount shown on the proof of claim, and not as shown in the plan, determine the amount of the secured claim.  *See, e.g., Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318, 321–22 (9th Cir.BAP 1991) (Perris, J., concurring); *Ellefson, supra*, 89 I.B.C.R. 282.  In those cases, a conflict existed between the terms of the plan and the amount shown in the proof of claim. Where no such conflict exists, as is the case here, there is even less reason to permit the debtors to attempt to challenge plaintiffs' lien.  Given the binding effect of the proof of claim absent objection, the debtor cannot now attack plaintiffs' security interest.

Moreover, as previously stated, there is no conflict between the plan and the proof of claim.  Debtors' chapter 13 plan lists "Doug & Lois" as holders of long term secured claims.[2]  The parties have stipulated "Doug & Lois" is a reference to the plaintiffs.  Under Section 1327(a), the terms of a confirmed plan are final and binding upon the debtor.[3]  Having proposed a plan that not only fails to contradict the plaintiffs' proof of claim, but in fact seems to affirm it, debtors are bound by the plan and may not now contest plaintiffs' lien.  The plan is entitled to res judicata affect at this time, in this Court, under the provisions and purposes of Chapter 13 of Title 11 of the United States Code.[4]

▮ For the same basic reasons, it is concluded plaintiffs are entitled to the relief as requested in their complaint.  Plaintiffs have an allowed secured claim against the debtors.  In their confirmed plan, debtors provide the plaintiffs are long term secured parties.  As such, debtors contemplated the plaintiffs' allowed secured claim would not be paid in full during the term of the plan, and provided plaintiffs should therefore retain their lien "until the allowed secured claim is paid in full."  Annual payments were to be made to plaintiffs under the plan; none were ever received.  Debtors cannot now attempt to undo both their own plan and plaintiffs' proof of claim.

The debtors will not be discharged from the debt owing to plaintiffs and secured by the plaintiffs' lien until plaintiffs have been paid the full amount of their allowed secured claim.  Counsel for the plaintiff may prepare an appropriate form of judgment and submit the same for signature.  This opinion may serve as formal findings of fact and conclusions of law.

1.  Section 502 provides:

    A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
    11 U.S.C. § 502(a).

2.  In the section in which the "Doug & Lois" notation is found, the plan provides:

    **Long term secured claims.**  Where the debtor does not propose to pay, in full, the allowed secured claim during the term of the plan, the creditor shall retain their lien until the allowed secured claim is paid in full [see 11 U.S.C. 1325(a)(5)(i) ].
    Stipulation of Facts, Exh. E.

3.  In its relevant portion, Section 1327 provides:

    The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
    11 U.S.C. § 1327(a)

4.  *In re Lewis*, 8 B.R. 132 (Bankr.D.Idaho 1981).