In re Danny Gene & Jeri Lynn
**PLOWMAN, Debtors.**

**Jeri Lynn PLOWMAN, et al., Plaintiffs,**

**v.**

**BEDFORD FINANCIAL
CORPORATION, et
al., Defendants.**

**Bankruptcy No. 91–72472–TBB–13.
Adversary Nos. 95–70650,
95–70842, 95–70889.**

United States Bankruptcy Court,
N.D. Alabama,
Western Division.

March 10, 1998.

Albert G. Lewis, Charles M. Coleman, Tuscaloosa, AL, for Jeri Lynn Plowman, Annette Pruitt Rodgers, Lucille Huggins Kimbrough, Albert Finch and Frances Finch.

Stephen B. Porterfield, Birmingham, AL, for Greyrock Capital Corporation.

William H. Webster, Montgomery, AL, for Greentree Financial Corporation and Greentree Financial Services.

Melody L. Hurdle, Michael L. Bell, Birmingham, AL, for American Bankers Life Assurance Company.

James A. Byram, Jr., Montgomery, AL, for American Family Home and American Modern Home Insurance Company.

Michael D. Smith, Tuscaloosa, AL, for Tom and James Deas.

Robert W. Bradford, Jr., Montgomery, AL, for Foremost Insurance Company.

J. Franklin Ozment, Birmingham, AL, for Leader Federal Savings Bank.

### MEMORANDUM OPINION

THOMAS B. BENNETT, Bankruptcy Judge.

#### I.   The Script

##### A.   Prologue

###### 1.   The Setting And Claims

Having selected the preferred location in which to challenge what they view as wrong-

ful conduct, Jeri Lynn Plowman, Annette Pruitt Rodgers, Lucille Huggins Kimbrough, Albert Finch, and Frances Finch (hereinafter individually Named Plaintiff and collectively Named Plaintiffs), initiated a suit in the Circuit Court of Greene County, Alabama, captioned *Plowman et. al., v. Bedford Financial Corp., et. al.,* Civil Action No. CV–95–050 (hereinafter sometimes Removed Action). The Named Plaintiffs seek to serve as the representatives of a proposed class who financed the purchase of mobile homes along with collateral protection insurance. The complaint contains seven counts: breach of contract, false representation, willful negligence, violations of certain of the consumer protection provisions of Alabama's mini code, Ala.Code §§ 5–19–1 *et. seq.* (1996), breach of fiduciary duty, disgorgement of excess charges, and civil conspiracy. These claims rest on allegations about the conduct of, among others, various named and unnamed (i) sellers of mobile homes and/or collateral protection insurance, (ii) persons/entities financing the purchase of mobile homes and/or collateral protection insurance, and (iii) insurance companies which issued collateral protection insurance.

A contention critical to the Named Plaintiffs' success on the merits is that collateral protection insurance in an amount greater than the value of the mobile home and/or in excess of the unpaid loan balance was either (i) sold to and financed for a plaintiff, or (ii) purchased by a defendant on default by a plaintiff in maintaining required property protection insurance for a mobile home. In both instances, it is claimed that the cost of the collateral protection insurance was added to the unpaid contract balance. By this practice, the cost of the insurance increased the unpaid balance of the debt on which a finance charge was imposed. This compounded the professed overcharging by generating finance charges on the cost of the unnecessary amounts of insurance. It is argued that the amount the plaintiffs have been overcharged when added to the other forms of damages insisted upon exceeds two hundred million dollars ($200,000,000.00).

**2. The Protagonists—Bankrupt And All**

Common issues of fact and Alabama law are asserted to exist with respect to the claims and causes of action of the Named Plaintiffs and the members of the proposed class of plaintiffs. They supposedly emanate from the purchase by each of a mobile home along with excessive amounts of collateral protection insurance. Notwithstanding these similarities, the Named Plaintiffs possess a distinguishing feature. Each has filed an individual or joint chapter 13 bankruptcy case in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. Jeri Lynn Plowman ("Plowman") and her husband, Danny Plowman, filed a joint case. Albert and Frances Finch ("Finchs") also filed a joint case. Annette Pruitt Rodgers ("Rodgers") filed an individual case. So did Lucille Huggins Kimbrough ("Kimbrough"). An order confirming a chapter 13 plan has been entered in each case. All of the Named Plaintiffs are to pay in full their secured debts. This includes that of the respective defendants owed monies by one or more of the Named Plaintiffs. Leaving out the Finchs', each confirmed plan provides for payment of one hundred percent of the unsecured indebtedness owed to creditors. The Finchs are to pay only one percent of the amount of their unsecured debts.

As often occurs in a bankruptcy case, debtors challenge the secured status of a creditor's claim. Just such events occurred in the course of the chapter 13 cases of two of the Named Plaintiffs. In the Plowmans' and Finchs' bankruptcy cases, the secured claim filed by a defendant in the complaint was contested. Plowman filed an adversary proceeding against Goldome Acceptance Corporation ("Goldome") to determine the validity, priority, or extent of its lien or other interest in property. Also, the Plowmans' chapter 13 trustee filed an adversary proceeding against Goldome seeking to determine the extent of its lien based on contentions different from those asserted in the Removed Action. Both Plowman adversary proceedings were voluntarily dismissed under Fed.R.Civ.P. 41. The adversary proceeding filed by the Finchs' was to determine the validity, priority, or extent of the lien asserted by Leader Federal

Savings & Loan Association of Memphis ("Leader Federal"). It culminated in a final judgment in favor of Leader Federal: its claim was held to be fully secured.[1]

Apparently by concluding that the pendency of the bankruptcy cases of the Named Plaintiffs and the treatment in bankruptcy of claims of certain of the defendants, among other factors, could support this Court's subject matter jurisdiction and the removal of this suit, some of the defendants elected to remove it under one or more of the provisions of the federal removal statute, 28 U.S.C. §§ 1441–1452. As will become known, coordination of removal efforts by and among the defendants was not achieved. What was unknown at the time of the various removal filings is the extent this failure to coordinate would usher the remand request of the Named Plaintiffs to its outcome.

### 3. The Antagonists—The Real And The Imaginary

The Removed Action was filed against named and various groups of unnamed, fictitious defendants. Those enumerated in the complaint are Bedford Financial Corp., American Bankers Life Assurance Co., American Modern Home Insurance Co., Foremost Insurance Co., American Security Insurance Co., American Family Home Insurance Co., American Bankers Insurance Co. of Fla., Greentree Financial Corp. dba Greentree Acceptance of Miss., Inc., Greentree Acceptance Corp., Greentree Financial Corporation of La., Nations Financial Capital Corp. (now known as Greyrock Capital Group, Inc. ("Greyrock")), First Associates Mortgage Corp. ("First Associates"), Don Graves, Don Graves Inc., Piggy Bank Homes of Tuscaloosa, Inc. factually a d/b/a/ of Manufactured Homes, Inc., Tom Deas, James Deas, Leader Federal Savings & Loan Association of Memphis and Fountain–Lowry Enterprises, Inc., Hugh Thomas Fountain, William Donald Fountain, and James McMillan Fountain doing business as Big 4 Mobile Homes (hereinafter collectively "Named Defendants"). At the time the Removed Action was filed in the state court, several of the Named Defendants were debtors in a case under the provisions of chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. Some of these bankruptcy cases have been pending before the United States Bankruptcy Court for the Southern District of Alabama, one before this Court, and another before the United States Bankruptcy Court for the Middle District of North Carolina.

Each Named Defendant allegedly either (i) sold a mobile home along with collateral protection insurance, (ii) financed such a mobile home purchase, (iii) is an assignee of the original creditor which financed the purchase of such a mobile home, (iv) sold collateral protection insurance, and/or (v) insured such a mobile home with collateral protection insurance for one of the Named Plaintiffs. Also, those holding the note, security agreement, and other documents evidencing an indebtedness of a Named Plaintiff filed a claim in the appropriate bankruptcy case. For example, Goldome filed a secured claim in the Plowmans' joint bankruptcy case and subsequently assigned it to Nations Financial Capital Corporation. Greentree Financial Corporation filed a secured claim against Kimbrough's bankruptcy estate. Leader Federal filed a secured claim in the Finchs' joint bankruptcy case. Likewise, Greentree Acceptance Corporation filed a secured claim against the Rodger's bankruptcy estate.

As for the unnamed, fictitious defendants, it is alleged that

---

1. Because of this Court's disposition of this adversary proceeding, it is not necessary to address whether any of the principles of issue preclusion bar the Named Plaintiffs' claims as a result of, for among other reasons, (i) the Named Plaintiffs' confirmed chapter 13 plans, compare Sun Fin. Co. v. Howard (In re Howard), 972 F.2d 639 (5th Cir.1992), with In re Pence, 905 F.2d 1107 (7th Cir.1990); Cone v. Davies (In re Davies), 143 B.R. 747 (Bankr.D.Idaho 1992), and (ii) the contests of the validity, priority, and extent of the lien and interest in property asserted in adversary proceedings filed in connection with the cases of the Plowmans and Finchs. See, e.g. United States v. Schimmels (In Schimmels), 127 F.3d 875 (9th Cir.1997); W.A. Lang Co. v. Anderberg–Lund Printing Co. (In re Anderberg–Lund Printing Co.), 109 F.3d 1343 (8th Cir.1997). Also and with respect to Mrs. Plowman's claims, this Court need not resolve whether the two (2) dismissal without prejudice exception to Fed. R.Civ.P. 41(a)(i) and Fed.R.Bankr.P. 7041 applies to bar the reassertion of her claims.

all of ... [the] fictitious parties are otherwise unknown to the Plaintiffs at this time, however, the Plaintiffs will substitute the true and correct name for the fictitious party or Defendants in a timely manner upon ascertainment of their names and identities for the purpose of being a Defendant in this lawsuit....

Each of the proposed fictitious defendants is placed into a category with other defendants who or which had the same type of involvement in the transactions for the purchase and financing of the purchase of a mobile home along with collateral protection insurance. The groupings of fictitious defendants include mobile home sellers, insurance companies, insurance agents, insurance agencies, banks, financial institutions, financing companies, assignees of various persons and entities who/which financed the purchase of such mobile homes along with collateral protection insurance, and others who participated in or benefitted from the alleged improper sale, forced placement, and/or financing of excessive amounts of collateral protection insurance (collectively the "Fictitious Defendants").

**B. The Editing: Fictitious Means Nonexistent—Plus, The Expurgation Of The Class Of Plaintiffs**

Although the Removed Action seeks a proposed class of individuals who purchased and/or were charged for allegedly excess collateral protection insurance, it has been defined by the Named Plaintiffs in such a way that should this matter be retained by this Court the proposed class will not exist. This arises from what is not a unique, but a singular aspect of Alabama civil procedure: allowing claims to be asserted against fictitious parties. Ala.R.Civ.P. 9(h)[2].

Because the proposed class literally is requested to be those persons who purchased collateral protection insurance for mobile homes in a consumer credit installment transaction involving *both* a Named Defendant and a Fictitious Defendant, it is nonexistent on removal. This is due to the treatment of fictitious parties by federal courts within some judicial circuits including the United States Court of Appeals for the Eleventh Circuit. Its use is not permitted and those portions of the complaint relating to fictitious parties are to be stricken for any portion of a case not remanded. *See, e.g., New v. Sports & Recreation, Inc.* 114 F.3d 1092, 1094 n. 1 & 1097 (11th Cir.1997); *Weeks v. Benton,* 649 F.Supp. 1297 (S.D.Ala. 1986); *See also Fifty Assoc. v. Prudential Ins. Co.,* 446 F.2d 1187, 1191 (9th Cir.1970); *Wiltsie v. Cal. Dep't. Of Corrections,* 406 F.2d 515, 518 (9th Cir.1969); *Tolefree v. Ritz,* 382 F.2d 566, 567 (9th Cir.1967.) As a result of nonrecognition of fictitious parties, the proposed class in federal court would be composed of only those persons who purchased collateral protection insurance from both a Named Defendant *and* a nonexistent fictitious defendant. No such class would exist should remand be denied.

■ Furthermore for remand considerations, those parts of the complaint addressing claims against fictitious parties are not to be used in analyzing the remand requested by the Named Plaintiffs. *Sports & Recreation, Inc.,* 114 F.3d at 1097. This means that the sought class of plaintiffs, the Fictitious Defendants, and the allegations relating to each are to be disregarded in this Court's removal and remand analysis. The import is that for subject matter and removal jurisdiction determination, the remand assertions of the Named Plaintiffs, and whether this Court should for some other reason not retain the Removed Action, only the claims of the Named Plaintiffs against the Named Defendants are to be considered.[3]

---

2. Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Ala.R.Civ.P. 9(h).

3. Even if one could argue that the complaint allegations do not mean what is set forth, the only potential class, if it exists, would be plaintiffs who purchased collateral protection insurance in consumer credit transactions with one or more of the Named Defendants. If this were the case, this Court would not have subject matter jurisdiction over the claims asserted against those defendants who/which did not deal with

### C. The Plot: If At First You Don't Succeed ... Or Removal Notices and Procedural Niceties

In their exercise of the forum shopping expressly permitted by federal statute, four notices of removal were filed in the same year by various of the Named Defendants. The first notice of removal was filed with the clerk of the United States District Court for the Northern District of Alabama (hereinafter "District Court"), and the remaining three were filed with the Clerk of this Court.[4] At 3:06 p.m. on July 11th, Leader Federal and American Bankers Insurance Company of Florida (hereinafter "American Bankers") filed the first notice of removal with the District Court. One minute later, 3:07 p.m., on July 11th, and apparently not knowing of the Leader Federal/American Bankers removal, Greyrock filed another notice with this Court's clerk. The Leader Federal/American Bankers removal was effectuated in the 28 U.S.C. § 1446(d) and Fed.R.Bankr.P. 9027(b) sense on July 11th, one day before Greyrock filed its notice of removal with the Circuit Court of Greene County, Alabama.

Greyrock filed its second notice of removal on September 13th, and First Associates filed a notice of removal on September 26th. During the hearing held by this Court on the removal, remand, and abstention issues, the parties orally stipulated that First Associates' notice of removal was, if nothing else, filed within the thirty (30) day period specified in 28 U.S.C. § 1446(b) and Fed. R.Bankr.P. 9027(a)(3). This stipulation was made on the condition that it did not waive any other basis for objecting to removal and any other reason for remand which the Named Plaintiffs might assert.

By order entered August 14th, the District Court remanded the case which Leader Federal and American Bankers removed on July 11th. The justification given for remand was failure to follow the procedural requirement for a case removed on diversity of citizenship grounds under 28 U.S.C. § 1441: consent of all parties defendant. In its order, the District Court did not address Greyrock's July 11th notice of removal filed with the Bankruptcy Court. Indeed, there is no evidence that it knew of Greyrock's notice of removal.

### II. The Prolegomena—Jurisdiction, Its Acquisition, Defects, and Avoidance

█ When a case is removed from one court to another, consideration should be given to (i) whether subject matter jurisdiction exists, and when timely raised, (ii) whether the action removed was appropriately placed before the removal court. If these removal predicates are satisfied, an added inquiry may encompass remand under 28 U.S.C. § 1452(b)'s "any equitable ground," abstention under 28 U.S.C. § 1334(c)(1) and (2), and abstention based remand under one of the case law developed abstention doctrines, *see, e.g., Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 714–730, 116 S.Ct. 1712, 1720–1727, 135 L.Ed.2d 1 (1996).

█ For purposes of determining the existence of subject matter jurisdiction, the analysis is, absent removal, would this Court have had jurisdiction over the claims and courses of action asserted in the Removed Action. *See Owens–Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.),* 124 F.3d 619 (4th Cir.1997). The inquiry in this case would entail review of the jurisdictional predicates utilized by the removing parties.

one or more of the Named Plaintiffs. *See Marcus, Stowell & Beye Government Sec., Inc. v. Jefferson Inv. Corp.,* 797 F.2d 227, 230–231 (5th Cir.1986); *In re ACI–HDT Supply Co.,* 205 B.R. 231, 236–237 (9th Cir. BAP 1997).

**4.** The issue of whether the removal petition must be filed in district court and referred to bankruptcy court was not raised by any party. A split of authority exists as to the proper place to file a bankruptcy removal petition: the district court or the bankruptcy court. The position endorsed by the majority of courts which have published opinions on this issue is that the reference to

"district courts" in 28 U.S.C. § 1452(a) encompasses bankruptcy courts. *See Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 658 n. 1 (4th Cir.1985); *Lone Star Indus., Inc. v. Liberty Mut. Ins.,* 131 B.R. 269 (D.Del.1991); *Citicorp Sav. of Ill. v. Chapman (In re Chapman),* 132 B.R. 153, 156 (Bankr.N.D.Ill.1991); *In re Boyer,* 108 B.R. 19 (Bankr.N.D.N.Y.1988); *In re Eagle Bend Dev.,* 61 B.R. 451, 458 (Bankr.W.D.La.1986). *But see, Morgan v. Bruce,* 1993 WL 786892 (S.D.Miss. Feb. 1, 1993) (The removal petition must be filed with the district court and referred to the bankruptcy court.)

They are 28 U.S.C. §§ 1331, 1334, & 1452(a). As to the other—whether the Removed Action was brought to this Court in a fashion which permits the exercising of subject matter jurisdiction, those steps of the removal process necessary for acquisition of jurisdiction have been referred to by some courts as procedural aspects of removal. *See, e.g., Pierpoint v. Barnes,* 94 F.3d 813, 817 (2nd Cir.1996); *In re Shell Oil Co.,* 932 F.2d 1518, 1522 (5th Cir.1991). Since a 1996 amendment to 28 U.S .C. § 1447(c),[5] what had been categorized as procedural defects in removal on which a remand request could be made was modified to any defect in removal except lack of subject matter jurisdiction. It may therefore be potentially more inclusive than what courts had deemed within the genus referred to as "any defect in removal procedure". Generally as grounds for remand, one must advance within thirty (30) days of removal "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). The same was true for cases governed by the·"any defect in removal procedure." *Shell Oil Co.,* 932 F.2d at 1523.

■ Should either subject matter jurisdiction or its acquisition through the removal process be wanting, the court to which a suit has been removed may not normally dispose of the case on its merits. *Armistead v. C & M Transport Inc.,* 49 F.3d 43 (1st Cir.1995); *Lupo v. Human Affairs Int'l. Inc.,* 28 F.3d 269 (2nd Cir.1994); *Guadalupe–Blanco River Auth. v. City of Lytle,* 937 F.2d 184 (5th Cir.1991). What is statutorily required to occur in each instance is remand. 28 U.S.C. § 1447; *Armistead,* 49 F.3d at 47–48; *Guadalupe–Blanco River Auth.,* 937 F.2d at 185–186.

Although 28 U.S.C. § 1447(c) prescribes remand, dismissal has occurred in restricted circumstances. No less than variants exist where courts have dismissed, rather than remanded, actions where an impediment to removal was present: (i) lack of jurisdiction because the action was void, *see, e.g., Becker v. Randall Enter. Inc. (In re Randall Enter., Inc.),* 115 B.R. 292, 295 (Bankr.D.Colo.1990) (Dismissal.); *Mass. Mut. Life Ins. Co. v. Columbus Broadway Marble Corp. (In re Columbus Broadway Marble Corp.),* 84 B.R. 322, 326 (Bankr.E.D.N.Y.1988) (Not dismissed, but not remanded either.), (ii) lack of jurisdiction for a reason. other than voidness of a suit, *see, e.g., Dielsi v. Falk,* 916 F.Supp. 985 (C.D.Cal.1996); *Nat'l. Cent. Housing Management v. Housing Auth. of the City of Milwaukee,* 668 F.Supp. 1230 (E.D.Wis. 1987); *see also Lloyd v. FDIC,* 22 F.3d 335 (1st Cir.1994), and (iii) the remand would be a futile action, *see, e.g., Bruns v. Nat'l. Credit Union Admin.,* 122 F.3d 1251 (9th Cir.1997) (Affirming dismissal of all claims except those against non-federal defendants.); *Bell v. City of Kellogg,* 922 F.2d 1418, 1425 (9th Cir.1991 ); *Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 787 (5th Cir.1990); *cf. Int'l. Primate Protection League v. Admin. of Tulane, Educ. Fund,* 500 U.S. 72, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991); *Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37 (2nd Cir., 1991); *Maine Ass'n. of Interdependent Neighborhoods v. Comm'r, Maine Dep't. of Human Serv.,* 876 F.2d 1051, 1054 (1st Cir. 1989). *Contra Schacht v. Wis. Dep't. Of Corrections,* 116 F.3d 1151, 1153 (7th Cir.1997); *Bromwell v. Mich. Mut. Ins. Co.,* 115 F.3d 208, 213 (3rd Cir.1997); *Roach v. W. Va. Regional Jail & Correctional Facility Auth.,* 74 F.3d 46, 49 (4th Cir.1996); *Smith v. Wis. Dep't. of Agriculture, Trade & Consumer Protection,* 23 F.3d 1134 (7th Cir.1994).

■ Despite the divergent background of these removal-dismissal cases, two of the lines of authority have one common characteristic: both the court from which and to which a lawsuit had been removed lacked subject matter jurisdiction. *See, e.g., Dielsi,* 916 F.Supp. at 994–995 (Dismissal of a removed copyright action where the failure to register the copyright deprived federal court of subject matter jurisdiction.); *Randall Enter., Inc.,* 115 B.R. at 295 (Removed action filed in violation of 11 U.S.C. § 362(a)'s automatic stay is void and dismissed.); *Columbus Broadway Marble Corp.,* 84 B.R. at 326 (Removed action filed in violation of automatic

---

5. The amendment which became effective on October 1, 1996 changed 28 U.S.C. § 1447(c)'s "any defect in removal procedure" to "any defect other than lack of subject matter jurisdiction." Act of Oct. 1, 1996, Pub.L. No. 104–219, 110 Stat. 3022.

stay not remanded and not further prosecuted in federal court. Another suit on the same claims and causes of action is required to be filed in the bankruptcy court.); *Nat'l. Cent. For Housing Management,* 668 F.Supp. at 1232 (Third party dismissed by United States District Court where exclusive jurisdiction was with the United States Court of Claims.); *see also Lloyd,* 22 F.3d at 338.

The third category of departure from a 28 U.S.C. § 1447(c) directed remand is where the federal court to which a matter has been removed lacks subject matter jurisdiction and the claims are barred in the court to which the matter would otherwise be remanded. *See Bell,* 922 F.2d at 1425 (Subject matter jurisdiction absent in federal court due to lack of standing by parties and claims precluded in state court by plaintiff's failure to timely post bond mandated as a precondition to suit under exclusive state remedy.) This third basis for dismissal has been referred to as the "futility exception" to remand. It has been expressly rejected by the United States Courts of Appeals for the Third, Fourth, and Seventh Circuits. *Schacht,* 116 F.3d at 1153; *Bromwell,* 115 F.3d at 213; *Roach,* 74 F.3d at 49; *Smith,* 23 F.3d at 1139. It has been adopted by the Fifth and Ninth Circuits, *Bruns,* 122 F.3d at 1257–1258 (Dismissal and not remand of claims against federal defendants.); *Bell,* 922 F.2d at 1425; *Asarco, Inc.,* 912 F.2d at 787, and it has not been explicitly rejected elsewhere when futility is demonstrated to exist as distinguished from an instance where it may eventuate. *See Int'l. Primate Protection League,* 500 U.S. at 87–89, 111 S.Ct. at 1709–10; *Maine Ass'n. of Interdependent Neighborhoods,* 876 F.2d at 1054; *Mignogna,* 937 F.2d at 41. Had one of the Named Defendants who or which is a debtor in a bankruptcy raised the impact of the Named

Plaintiffs' violation of the automatic stay of 11 U.S.C. § 362(a) caused by the institution of the Removed Action, this Court would have had to resolve whether one or more of the removal-dismissal lines of authority would support dismissal of this case instead of its remand. This did not occur and the only parties to put forward the stay violation issue were those without standing to so do.[6] *See Mcmahon v. George Mason Bank (In re Winters),* 94 F.3d 130, 136–137 (4th Cir. 1996); *Magnoni v. Globe Inv. & Loan Co., (In re Globe Inv. & Loan Co.),* 867 F.2d 556, 559–560 (9th Cir.1989).

In a similar manner, certain other legal issues may be avoided. One is this Court's subject matter jurisdiction. Others not requiring further consideration are 28 U.S.C. § 1452(b)'s "any equitable ground" basis for remand, abstention under 28 U.S.C. § 1334(c), and abstention based remand developed under one of the case law developed doctrines such as *Younger,*[7] *Burford,*[8] *Pullman,*[9] and *Colorado River,*[10] *see Quackenbush,* 517 U.S. at 714–730, 116 S.Ct. at 1720–1727. This Court is able to sidestep these issues because of an obstruction to the proper removal of this controversy falling within both 28 U.S.C. § 1447(c)'s predecessor language "any defect in removal procedure" and its current "defect other than lack of subject matter jurisdiction."

### III. The Narration—Removal And Remand

■ The ability to remove a case from one court, either state or federal, to another one, a federal court, is created and governed by statute. 28 U.S.C. §§ 1441–1452. The lawsuit could have been removed under either or both 28 U.S.C. § 1441 and 28 U.S.C. § 1452(a). *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Section 1441 is the gen-

---

6. In fact, one with standing may yet be able to remove this matter. *See Easley v. Pettibone Mich. Corp.,* 990 F.2d 905, 908 (6th Cir.1993). This would be all the more likely were a class action certified in state court in a fashion that any judgment would have a preclusive effect on any defendant who or which is now or may in the future become a debtor in a bankruptcy case.

7. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

8. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

9. *Railroad Comm'n. of Tex. v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

10. *Colo. River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

eral federal removal section—to be distinguished from statute—while § 1452(a) is a specific subpart of a section of the removal statute, 28 U.S.C. §§ 1441–1452, utilized for claims which have a sufficient nexus to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*

■ In this litigation, it is incumbent on those of the Named Defendants which filed a notice of removal to demonstrate that this Court has jurisdiction of the matter. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996) (Under 28 U.S.C. § 1441(a), the burden, to establish removal jurisdiction, is on the moving party.); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988); *Alexander v. Goldome Credit Corp.*, 772 F.Supp. 1217, 1219 (M.D.Ala.1991) (quoting *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)). This has not been done.

Among reported decisions of federal courts, this case is unexampled due to four notices of removal having been filed. The first was with the United States District Court and the later ones were with this Court. Leader Federal and American Bankers filed their removal notice with the District Court on July 11th, at 3:06 p.m. On the same day at 3:07 p.m., Greyrock filed a notice of removal with this Court. On September 13th, Greyrock filed another notice of removal, and on September 26th, First Associates filed a notice of removal.

The removal notice filed with the District Court by Leader Federal and American Bankers was based on 28 U.S.C. § 1441.[11] The District Court held that removal was ineffective due to the procedural defect of all defendants not joining with the initial proponents in seeking removal and remanded the Removed Action. The second notice of removal, filed by Greyrock, was predicated on 28 U.S.C. §§ 1441 & 1452. It was filed after

that of Leader Federal and American Bankers, but before the District Court remanded the Removed Action on August 14, 1995.

■ Removal is effectuated once a defendant files the notice of removal in federal court, gives notice to the parties of the removal, and files a copy of the notice with the clerk of the court from which the matter was removed. 28 U.S.C. § 1446(d); Fed. R.Bankr.P. 9027(c); *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1251 (11th Cir.1988) (The entire case is transferred to the District Court once the removal petition is filed and appropriate notice is given.). Upon the filing of the removal notice, even when removal is improperly done, the state court's jurisdiction terminates. *Maseda*, 861 F.2d at 1254–1255 n. 11. Given the fact that the Leader Federal/American Bankers removal had been "effectuated" in its 28 U.S.C. § 1446(d) and Fed.R.Bankr.P. 9027(c) meaning, it operated to leave nothing in the Circuit Court of Greene County, Alabama for Greyrock to remove by its initial notice of removal—the second one filed for the Removed Action. Thus, Greyrock's first removal attempt served no purpose: with no thing in the state court to remove, nothing could be removed.

■ Perhaps realizing that its first removal attempt was for naught, Greyrock tried once more in September of the same year it had made its first. This Court does not consider whether Greyrock could have timely amended its notice of removal. It did not amend. Rather, it filed an additional notice of removal which was the third one filed for this case and the second in this Court. Like its first, this one was based on 28 U.S.C. §§ 1441 & 1452. Even if all other conditions for an effective removal had been met, the last notice filed by Greyrock was untimely.[12] Assuming Greyrock filed its first notice on the first day of the time period

---

11. Leader Federal and American Bankers predicated their notice of removal on 28 U.S.C. § 1441(a), (b) & (c). On July 12th, American Bankers attempted to amend this notice of removal to add 28 U.S.C. § 1452 as an additional ground. Based on the District Court's remand on the procedural ground of failure to have all defendants join in the removal—a requirement of 28 U.S.C. § 1441, not 28 U.S.C. § 1452—Leader

Federal was obviously unsuccessful in its attempted amendment.

12. Due to the finding of a procedural defect in the removal, the Court does not address whether 28 U.S.C. § 1446(b) applies in the bankruptcy removal context to provide authority for or preclude Greyrock from filing its subsequent removal notice.

within which the Removed Action could have been removed, its September 13th notice was filed approximately sixty-four days later. This was beyond the thirty days specified by both Fed.R.Bankr.P. 9027(a)(3) and 28 U.S.C. § 1446(b).

■ The only remaining notice of removal to be considered is the fourth one filed in this matter, that of First Associates on September 26th. The Named Plaintiffs' contend that this removal is defective due to First Associates' failure to have all co-defendants join in the removal. First Associates predicated its removal upon 28 U.S.C. § 1452. When a case is removed under 28 U.S.C. § 1452, one defendant may remove a case without the consent of the other defendants. *See Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir.1985). For this reason, the Named Plaintiffs' argument on this ground is without legal support.

■ The parties also stipulated at oral argument held on removal, remand, and abstention issues that First Associates' removal notice was, if nothing else, timely filed. It was filed on the day First Associates was served. When a suit involves multiple defendants and was filed by a debtor-plaintiff after his/her/its bankruptcy case has been commenced, the thirty day time period within which a defendant may remove begins to run from the shorter of the service of such a defendant or receipt by the defendant of other appropriate notice of the institution of the state court proceeding. 28 U.S.C. § 1446(b); Fed.R.Bankr.P. 9027(a)(3); *See, e.g., Michetti Pipe Stringing, Inc. v. Murphy Brothers, Inc.,* 125 F.3d 1396 (11th Cir.1997); *Creasy,* 763 F.2d at 661. *See also Garside v. Osco Drug, Inc.,* 702 F.Supp. 19 (D.Mass. 1988) (When a co-defendant is served several years after the filing of the civil action, the later served co-defendant is entitled to the thirty day period provided for in 28 U.S.C.

§ 1446(b) to remove an action.) Since 28 U.S.C. § 1446(b)'s and Fed. Rule of Bankr.P. 9027(a)(3)'s removal time periods are identical, this Court need not enter the foray over which provision is the appropriate one for specifying the time period within which First Associates needed to have removed this matter.[13] For the same reason, this Court does not address whether (a) Fed.R.Bankr.P. 9027's removal procedures and its time periods survived the Supreme Court's decision in *Things Remembered v. Petrarca* and control removals under 28 U.S.C. § 1452, or (b) 28 U.S.C. § 1446 is the provision governing removal procedure and the time frame within which removal must be effectuated under 28 U.S.C. § 1452. It is sufficient to recognize that the timeliness stipulation of the parties made in the Removed Action is consistent with the legal standard.

■ The apparent timely filing of First Associates' notice of removal and its compliance with all other prerequisites to effectuate removal belie, especially in the rare procedural circumstances of this case, the pedigree of this Court's acquisition of jurisdiction. Despite Greyrock's second attempt at removal not being timely filed, it was effectuated before First Associates'. As of the date of First Associates' removal notice filing, the request to remand this case made in connection with Greyrock's second removal attempt had not been heard—let alone resolved—by this Court. Again, this means that at the time First Associates filed its notice of removal no case existed in the state court to be removed. *Maseda,* 861 F.2d at 1254 n. 11. First Associates therefore, removed nothing to this Court for want of a case in the Alabama state court.

### IV. The Epitome

In summary, the removal status of this case is that two out of three of the notices of

---

**13.** A split of authority exists as to whether 28 U.S.C. § 1446(b) or Fed. Rule of Bankr.P. 9027(a)(3) controls the time period provided under the bankruptcy removal statute. The majority position is it is Fed.R.Bankr.P. 9027. *Textron Inv. Management Co. v. Struthers Thermo–Flood Corp.,* 169 B.R. 206 (D.Kan.1994); *In re Boyer,* 108 B.R. 19 (Bankr.N.D.N.Y.1988); *Paxton Nat'l. Ins. Co. v. British Am. Assoc. (In re Pacor, Inc.),*

72 B.R. 927, 928 (Bankr.E.D.Pa.1987) *aff'd* 86 B.R. 808; *In re Eagle Bend Dev.,* 61 B.R. 451 (Bankr.W.D.La.1986). *But see State Bank of Lombard v. Chart House, Inc.,* 46 B.R. 468 (N.D.Ill.1985). The minority view is that 28 U.S.C. § 1446(b) governs. *Intra Muros Trust v. Truck Stop Scale Co.,* 163 B.R. 344, 345 n. 1 (N.D.Ind.1994).

removal filed with this Court did not cause the Removed Action to come properly before it: nothing existed in the state court to be removed at the time they were was filed. The one notice—the second one filed by Greyrock—which effectuated removal to this Court has had a timely objection asserted by the Named Plaintiffs.[14] The objection is predicated on the requirement under 28 U.S.C. § 1446(b) and Fed.R.Bankr.P. 9027(a)(3) of filing of a notice of removal within the thirty day period from receipt by Greyrock of a copy of the initial pleading or some other notice of the Removed Action being initiated in the state court. This did not occur. The outgrowth is that Greyrock's second removal attempt was untimely.

28 U.S.C. § 1447(c)'s provisions delineate that the Removed Action is to be remanded to the Circuit Court of Greene County, Alabama. As this case demonstrates in the removal context, adherence to the motto exhorting one who has failed at a task to keep on trying does not necessarily achieve the desired, lasting removal of a suit from one to another court.

---

**14.** Even if an argument exists that multiple defendants, as a group, have only one opportunity at removal under 28 U.S.C. § 1452, the Named Plaintiffs are precluded in this forum from raising this argument. The Named Plaintiffs gave an unsatisfactory reason for why they did not and had not given notice and/or served all Named Defendants with a copy of the complaint as of the Court's hearing on removal, remand, and abstention held some four months after the Removed Action was filed in the Circuit Court of Greene County, Alabama: inability to locate various of the Named Defendants to enable service of process to be accomplished. Both Fed.R.Civ.P. 4(e) and Fed.R.Bankr.P. 7004(a) expressly authorize, among other ways, service under Alabama's statutes for substitute service on the unserved Named Defendants. So do the Alabama Rules of Civil Procedure. Ala.R.Civ.P. 4. Given the ease by which service could have been achieved by the Named Plaintiffs on all of the unserved Named Defendants, the inescapable conclusion is that the Named Plaintiffs' failure to serve and otherwise give notice of a lawsuit to defendants should not and may not be used as a defense to prevent removal. Such a rule invites abuse in the form of a plaintiff not serving and not giving notice of a suit. For this reason, the Named Plaintiffs may not utilize nonservice and no notice to prevent removal and/or obtain a remand. *See Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986); *Morrison v. Nat'l. Benefit Life Ins. Co.,* 889 F.Supp. 945, 950–951 (S.D.Miss.1995); *Greer v. Skilcraft,* 704 F.Supp. 1570, 1583 (N.D.Ala.1989).